**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| IN RE: | CASE NO. 18-05191 BKT |
|---|---|
| **PEDRO J NEVAREZ BRUNO** | **CHAPTER 13** |
| Debtor(s) | FILED & ENTERED ON 05/16/2019 |

### OPINION AND ORDER

Before the court is Claimant Jorannie Cruz Nieves' (hereinafter "Claimant") *Amended Motion Requesting Reconsideration of Order Entered at Docket No. 85* [Dkt. No. 92]. Claimant filed claim number 6-1 in the amount of $500,000.00 on December 11, 2018. This claim was objected to by the Debtor, Pedro J. Nevarez Bruno (hereinafter "Debtor"). See Dkt. No. 58. Claimant's reconsideration stems from an *Order* entered by the court on March 20, 2019, granting Debtors objection claim number 6-1 [Dkt. No. 85]. The Debtor's objection to the claim was based on four legal arguments: (1) the timeliness of the filing pursuant to Fed. R. Bankr. P. 3002(c); (2) the applicability of the doctrine of excusable neglect under Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993); (3) the lack of valid supporting documents; and (4) the validity of the claim because the amount was not owed.  Claimant failed to file a reply to the Debtor's objection despite being allowed additional time to do so by this court. See Dkt. No.'s 73 and 74.

In her motion requesting reconsideration, the Claimant posits that the arguments which formed the basis of Debtor's objection to claim number 6-1 became moot once the court allowed the filing of her late filed claim. See the court's *Order* at Dkt. No. 64.  Moreover, Claimant argues

-1-

that the claim did contain the necessary documentation since it included a copy of the complaint filed against the Debtor in the state court proceedings. In addition, Claimant states that the claim is valid, and refers to the Debtor's schedules and the purported findings of the state court judge prior to the filing of the voluntary petition.

Claimants motion for reconsideration does not set forth a legal basis under which the court could provide relief. However, since the motion for reconsideration was filed five days after the court's order, the appropriate statutory authority lies in Fed. R. Civ. P. 59(e), made applicable to bankruptcy cases through Fed. R. Bankr. P. 9023. Fed. R. Civ. P. 59(e) authorizes the filing of a motion moving the court to alter or amend a judgment within twenty-eight (28)[1] days of entry of said judgment. Because "Rule 59(e) does not state the grounds on which relief may be granted . . . . courts have considerable discretion in deciding whether to grant or deny a motion under the rule." In re Nieves Guzman, 567 B.R. 854, 863 (B.A.P. 1st Cir. 2017) (quoting ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008)) (internal quotations omitted).

The First Circuit has generally noted four grounds for granting a motion for reconsideration pursuant to Fed. R. Civ. P. 59: "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law." Marie v. Allied Home Mortgage Corp., 402 F.3rd 1, 7 (1st Cir. 2005) (citing 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)). "It is well settled in the First Circuit that to meet the threshold requirements of Rule 59(e), the motion must demonstrate the 'reason why the court should reconsider its prior decision….' In re Nieves Guzman, 567 B.R. at 863 (quoting In re Arroyo, 544 B.R. 751, 756 (Bankr. D.P.R. 2015)). The moving party is generally held as having to produce to the court a "'clear conviction of error' or belief that the final judgment was 'dead

---

[1] Fed. R. Bankr. P. 9023 reduces the twenty-eight (28) day requirement to fourteen (14) days.

-2-

wrong.'" Steven S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 59, Westlaw (February 2017).

"A motion for reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed prior to judgment, nor is it a mechanism to regurgitate old arguments previously considered and rejected." In re Nieves Guzman, 567 B.R. at 863 (quoting Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (citations omitted) (internal quotations omitted).  Finally, "[i]n practice, [R]ule 59(e) motions are generally denied because of the narrow purpose for which they are intended." Rosado v. Banco Popular de P.R., 561 B.R. 598, 608 (B.A.P. 1st Cir. 2017) (quoting BAC Home Loans Servicing LP v. Grassi, No. EP 11-010, 2011 Bankr. LEXIS 4362 (B.A.P. 1st Cir. Nov. 21, 2011)). Federal courts "have consistently stated that a motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources." Id. at 607.

Upon review of Claimant's arguments, the court determines that the evaluation of the evidence demonstrates that no error was committed. Claimant fails to establish any of the required legal factors for reconsideration under Rule 59 discussed above. After considering Claimant's motion, the court finds that said motion neither provides the court with genuine reasons why it should revisit the prior *Order*, nor compelling facts in support of reversing the prior decision. Granting a motion for reconsideration under Rule 59 is generally viewed with disfavor by the courts, and the procedurally late recitation of facts proffered by the Claimant does not provide any reason to justify relief from this court's *Order*. As such the Claimant's *Amended Motion Requesting Reconsideration of Order Entered at Docket No. 85* [Dkt. No. 92], is DENIED.

SO ORDERED

In San Juan, Puerto Rico, this 16th day of May, 2019.


Brian K. Tester
U.S. Bankruptcy Judge