UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| In re: | Case No. 18-05191-BKT13 |
|---|---|
| PEDRO J NEVAREZ BRUNO | Chapter 13 |
| Debtor | |

## OPPOSITION TO MOTION TO DISMISS

TO THE HONORABLE COURT:

COMES NOW Debtor, represented by the undersigned counsel, and very respectfully avers and prays as follows:

1. On September 7, 2018, Debtor filed a voluntary petition for relief pursuant to 11 U.S.C. Chapter 13 (Dkt. No. 1).

2. Movant is the holder of the <u>disallowed</u> proof of claim number 6 against Debtor. <u>See</u> Order granting Debtor's Objection to Claim at (Dkt. No. 85).

3. Movant is also mother of Debtor's minor child who is a DSO recipient.

4. On May 12, 2020, Movant filed a third motion to dismiss, this time, grounded on Debtor's alleged failure to make post-petition DSO Payments (the "Motion to Dismiss") (Dkt. No. 222). In support of the allegations of the Motion to Dismiss, Movant asserts that Debtor failed to pay pre and postpetition DSO payments as per state court order (Dkt. No. 222, p. 1). The referenced order is attached as Exhibit 1 to the Motion to Dismiss. <u>See</u> Dkt. No. 222, p. 2, ¶ 5-6. Furthermore, the arguments in support of the Motion to Dismiss based upon failure to pay post-petition DSO obligations are circumscribed to pages 13 to 14 of the Motion to Dismiss.

5. The remaining allegations included in the Motion to Dismiss are unrelated to the basis of said Motion to Dismiss, i.e., payment of DSO obligations. However, Movant lacks standing to seek dismissal of the instant case under any other grounds aside from DSO payments, because

1

Movant's claim was disallowed. See Order denying Movant's (previous) Motion to Dismiss at Dkt. No. 130, wherein this Honorable Court found that Dr. Cruz had no standing in this bankruptcy proceeding to pursue legal remedies. As such, movant is attempting to restate and rehash controversies that had been previously entertained and ruled upon by this Honorable Court.

    6.    As a result, the remaining allegations of the Motion to Dismiss, unrelated to DSO, should be stricken from the record based on Movant's lack of standing, as they are also unsupported by admissible evidence, are speculative, and inflammatory (and, for the same reasons are outright denied). Based on the above, and for the reasons set forth below, the Motion to Dismiss should be denied.

**I. Movant's exhibits must be stricken as faulty, alternatively, movant must be compelled to submit a certified translation of the documents and exhibits**

  7.  Federal Local Rule 5(g) states that

> (g) Translations. All documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English prepared by:
> (1) Interpreter certified by the Administrative Office of the U.S. Courts, or
> (2) a translator who has approved Phase I (written legal translation) of the Federal Court Interpreters Certification Examination, or
> (3) a translator, certified by the American Translator Association, or who has a post-graduate degree from an accredited post-graduate education translation program.
> In lieu of the above, by stipulation of the parties.

    8.    No certified translation was tendered by Movant, nor a stipulation of the parties, as required by Federal Local Rule 5(g).

    9.    Furthermore, Local Bankruptcy Rule 9070-1(c) states that

> (c) Form of Exhibits. Copies of exhibits that are intended to be offered as exhibits in a contested matter or hearing must be legible and copies of photographs must be in color, unless the original photograph is in black and white. Exhibits submitted in violation of this rule will not be admissible into evidence. All exhibits and documentary evidence in Spanish or other language shall be fully translated to the English language by a certified translator.

    10.    In the instant case, the Motion to Dismiss contains documents and exhibits in violation

of Federal Local Rule 5(g) and Local Bankruptcy Rule 9070-1(c) as they have been filed in the Spanish language, and, as such, should be stricken as faulty.

11.  In the alternative, Debtor hereby moves for a motion to compel Movant to file a certified translation of the documents and exhibits to the Motion to Dismiss, which are necessary and indispensable to resolve the pending matters, in accordance with the applicable Rules.

**II. Debtor's DSO obligations[1].**

12.  First, as evidenced by Movant's own Motion to Dismiss and Exhibit 1 included therewith (in Spanish language), Debtor is responsible for making monthly DSO payments through ASUME. <u>There is no controversy on the fact that Debtor is current with his DSO payments through ASUME</u>. Movant recognizes as much. However, out of abundance of caution, Debtor include ASUME certificate as **Exhibit 1** to this motion.

13.  Second, as evidenced by Movant's own Motion to Dismiss and Exhibit 1 included therewith (in Spanish language), on February 3, 2020, the Court of First Instance, Bayamon Part, issued a Resolution, condemning Debtor to a retroactive DSO obligation, totaling $18,050.83, to be satisfied through a $500.00 monthly payment plan. <u>There is no controversy on the fact that Debtor is

---

[1] The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any provision under this title, that is,

(A) owed to or recoverable by—

(i) a spouse, former spouse, or child of the debtor ...

(B) in the nature of alimony, maintenance, or support ... of such spouse, former spouse, or child of the debtor ... without regard to whether such debt is expressly so designated;

(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—

(i) a separate agreement, divorce decree, or property settlement agreement;

(ii) an order of a court of record ...

(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible [**20] relative for the purpose of collecting the debt.

3

current with his $500.00 monthly payment plan for retroactive DSO payments imposed by the Court of First Instance, Bayamon Part, on February 3, 2020.

14. The controversy in this case, and Movant's sole basis for relief for alleged missed postpetition DSO payments, is a $4,550.00 payment imposed by the Court to satisfy Movant's attorney fees, which are not DSO.

15. Pursuant to Movant's own statements "[i]n the instant case the Debtor failed to comply with the payment of $4,550.00 ordered by the State Court in the Judgment related to the attorney fees incurred by Dr. Cruz in the litigation of the DSO case". See Motion to Dismiss, Dkt. No. 222, p. 14, ¶3 (unnumbered) (emphasis ours).

16. In this Circuit, however, in order to raise an obligation as a domestic support obligation, such obligation needs to be in the nature of support and thus must be provided for the upkeep of the recipient spouse and children. See In re Efron, 495 B.R. 166, 174 (Bankr. D.P.R. 2013) citing Smith v. Pritchett (In re Smith), 586 F.3d 69, 73-74 (1st Cir. 2009); Werthen v. Werthen (In re Werthen), 329 F.3d 269, 273 (1st Cir. 2003); In re Micek, 473 B.R. 185 (Bankr. E.D.Ky. 2012) (In inquiry in determining whether a debt payable to a third party is a priority domestic support obligation is the nature of the debt rather than the identity of the creditor).

17. In this case, it is evident that the postpetition amount claimed by Movant is for attorney fees, as supported by the plain language of the Motion to Dismiss and its Exhibit 1 in support thereof, and not a "domestic support obligation" is defined in the Bankruptcy Code under Section 101(14A).

18. Owing attorney fees is not grounds for dismissal of the instant case.

19. Furthermore, Trustee has informed this Honorable Court that Debtor is up to date and in compliance with Chapter 13 Plan Payments (Dkt No. 223).

20. For the foregoing reasons, Debtor requests that this Honorable Court denies Movant's Third Motion to Dismiss.

4

**WHEREFORE**, Debtor respectfully requests that this Honorable Court denies the Motion to Dismiss outright for Movant's lack of standing to seek dismissal of the instant case, and upon finding that Debtor is current in his payment plan and DSO obligations, with any further relief the court deems proper.

**CERTIFICATE OF SERVICE**: I hereby certify that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all participants of CM/ECF, including the Office of the United States Trustee.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this 11th day of June 2020.

**MRO Attorneys at Law, LLC**
*Attorneys for Debtor*
PO Box 367819
San Juan, P.R. 00936-7819
Tel: (787) 404-2204
Email: mro@prbankruptcy.com
Web: www.prbankruptcy.com


*s/ Myrna L. Ruiz-Olmo*
USDC-PR 223209