# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE: PEDRO JAVIER NEVAREZ BRUNO** | **CASE NO.: 18-05191-BKT** |
| XXX-XX-2002 | **CHAPTER 13** |
| **DEBTOR** | |

### REPLY TO DEBTOR'S OPPOSITION FILED AT DOCKET NO. 225

**TO THE HONORABLE COURT:**

**COMES NOW,** <u>DSO RECIPIENT</u> DR. JORANNIE CRUZ NIEVES (hereinafter, "Dr. Cruz"), by and through the undersigned attorney and very respectfully state and pray as follows:

### I. Procedural Background

1. On May 12, 2020 Dr. Cruz filed a motion to dismiss the instant case due to the fact that the Debtor was in arrears with its post-petition DSO payments. (**Docket No. 222**).

2. On June 11, 2020 the Debtor filed its opposition to Dr. Cruz's MTD (**Docket No. 225**).

3. In a nutshell, the Debtor alleged in its opposition that Dr. Cruz does not have standing to appear before this Honorable Court to request the dismissal of the instant case; that the Debtor is current with respect of his DSO obligation; and that the Court imposed payment of $4,550.00 in favor of Dr. Cruz are not considered part of Debtor's

1

DSO obligation, therefore said debt must not be considered to solve the Dr. Cruz's MTD.

## II. Dr. Cruz's Standing

4. Contrary to Debtor's contention, Dr. Cruz does have standing to appear before this Honorable Court as she does have a DSO Claim against the Debtor. The only claim that was disallowed was the claim related to the division of community property.

5. Thus, as a DSO Recipient, Dr. Cruz does have standing to appear before this Honorable Court.

## III. Debtor Is Not Current with its DSO Payments

6. In order to claim that he is current with its DSO payments, the Debtor attached as Exhibit 1 to its opposition a Certificate issued by ASUME on **May 12, 2020**.

7. Said Certificate is not current, nor does it reflect the fact that as of today, the Debtor does have arrears. See, Certificate issued by ASUME on **June 11, 2020**, which reflect that he has **$914.57** in arrears.

8. Said arrears does not include the **$4,550.00** he owes to Dr. Cruz. Pursuant to Article 22 of Act. 5 of December 30, 1986, 8 L.P.R.A. § 521, awarded attorney's fees cannot be included in a payment plan, **they must be paid in full**. See, Torres Rodríguez v. Carrasquillo Nieves, 2009 TSPR 1187; Chévere v. Levis, 152 D.P.R. 492 (2000).

9. On February 03, 2020 the Debtor was ordered to pay Dr. Cruz the sum of **$4,550.00** for attorney's fees incurred in the DSO litigation. As of today, he has failed to pay her said sum.

### IV. Awarded Attorney' Fees are Part of the DSO Obligation

10. Contrary to Debtor's contention the Supreme Court of Puerto Rico has ruled that awarded attorney's fees in DSO litigation do belong to the DSO's recipient and that **they are part of the imposed DSO obligation**. See, Torres Rodríguez v. Carrasquillo Nieves, *supra*; Chévere v. Levis, *supra*; Guadalupe Viera v. Morell, 115 D.P.R. 4, 14 (1983).

11. Furthermore, the Supreme Court of Puerto Rico specifically stated that awarded attorney's fees are an integral part of the DSO obligation stated in Article 142 of the Puerto Rico Civil Code, 31 L.P.R.A. § 561. See, Conesa Braun v. Corte de Distrito de Ponce, 72 D.P.R. 68, 72 (1951); Váldes v. Tribunal de Distrito, 67 D.P.R. 310, 312-313 (1947).

12. The jurisprudence cited by the Debtor in its opposition is not applicable to the instant case. Specifically, the case of In re Efron, 495 B.R. 166, 174 (Bank. D.P.R. 2013) relate to advances made by the Debtor to his former wife pursuant to a judgment entered in a division of conjugal community. In said case Debtor's former wife alleged that said payments were DSO payments. The Court in the Efron case ruled that they were not DSO payments, they were advances to her share in the community property. Dr. Cruz's DSO claim in the instant case relate to court ordered payments for the support of a child.

13. Pursuant to the Laws of Puerto Rico and the cited jurisprudence, the Debtor does owe Dr. Cruz the **$4,550.00** imposed by the Local Court as attorney's fees, plus the **$914.57** shown on the Certificate dated June 11, 2020, for a total of **$5,464,57**.

14. Since the Debtor already admitted that he owes said **$4,550.00** to Dr. Cruz and that he is in arrears with respect to said sum, there is no further need to supply a Certified Translation of the Judgment entered in the DSO case.

15. As to the documents submitted to state the fact that the Debtor filed the instant case in bad faith and that he has continued to live a lavish lifestyle while in bankruptcy, Dr. Cruz do content that they are admissible in evidence to establish the fact that the Debtor did committed perjury during the 341 Meeting held by the Office of the US Trustee.

16. In the alternative, Dr. Cruz hereby request a brief extension to file a Certified Translation in the English Language of the Corporate Resolution signed by the Debtor.

### V. Conclusion

There being to dispute as to the fact that the Debtor owes the Debtor the sum of **$4,550.00** imposed as attorney's fees in the DSO case before the Local Court, the fact that the Supreme Court of Puerto Rico has already ruled that awarded attorney's fees in DSO cases are an integral part of the DSO obligation, and that the Debtor tried to mislead this Honorable Court by submitting an Old Certificate that does not reflect the fact that he accrued an additional **$914.57** in post-petition DSO payments to Dr. Cruz, the instant case must be dismissed.

**WHEREFORE**, Dr. Jorannie Cruz Nieves respectfully request from this Honorable Court to enter an order dismissing the instant case pursuant to 11 U.S.C. Sec. 1307 (11), with prejudice, and with the imposition of a one year bar to refile.

**I HEREBY CERTIFY** that the foregoing document was filed with the Clerk of the Court using the CM/ECF System which will send a notification of such filing to debtor's attorney and to the United States Trustee and to all other parties on record.

**I DO HEREBY FURTHER CERTIFY** that on this same date a true and exact copy of the foregoing document was sent by regular United States mail to: **Non CM/ECF** participants at their address of record, as per the attached Address List.

In San Juan, Puerto Rico this 12th day of June 2020.

/S/Héctor Eduardo Pedrosa Luna
_____

Héctor Eduardo Pedrosa-Luna, Esq.
USDC-PR No. 223202
P.O. Box 9023963
San Juan, PR 00902-3963
Tel. 787-920-7983
Fax 787-754-1109
hectorpedrosa@gmail.com