**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 18-05191-BKT |
| | Chapter 13 |
| PEDRO JAVIR NEVAREZ BRUNO | |
| Debtor(s) | FILED & ENTERED ON 07/27/2020 |

<u>**OPINION AND ORDER**</u>

Before this Court is Domestic Support Recipient Dr. Jorannie Cruz Nieves' (hereafter "DSO Recipient") *Motion Requesting Dismissal for Failure to Make Post-Petition DSO Payments* [Dkt. No. 222], Debtor's *Opposition to Movant's Motion to Dismiss* [Dkt. No. 225], and DSO Recipient's *Reply to Debtor's Opposition Filed at Docket No. 225* [Dkt. No. 226]. For the reasons set forth below, DSO Recipient's *Motion Requesting Dismissal for Failure to Make Post-Petition DSO Payments* is GRANTED.

**I.     Procedural Background**

On December 27, 2016, DSO Recipient[1] filed an action in State Court seeking the custody of her child and imposition of domestic support obligation payments ("DSO")[2] [Dkt No. 222]. On September 7, 2018, Debtor filed a voluntary petition seeking relief under Chapter 13 of the Bankruptcy Code [Dkt. No. 1]. On February 3, 2020, the Court of First Instance, Bayamon Part, entered a judgment imposing a $500.00 monthly payment plan for retroactive DSO payments to DSO Recipient and $4,550.00 in attorney fees which was ordered to be paid within sixty (60) days [Docket No. 222]. The prescribed sixty (60) day term expired on April 3, 2020 and Debtor

---

1 Debtor and Movant had a "consensual relationship" for a period of at least ten years and are the parents of a young child (G.J.N.C.). [See. Dkt. No. 222].
2 Civil Case DCU2016-0610.

failed to comply with the State Court's order [Dkt. No. 222]. On May 12, 2020, DSO Recipient filed a motion to dismiss with prejudice the instant case and the imposition of a one-year bar to refile. [Dkt. No. 222]. Said motion was grounded on (1) Debtor's failure make pre-petition and post-petition DSO payments, (2) committed perjury, (3) unclean hands and (4) bad faith in bankruptcy filing [Dkt. No. 222].

On June 11, 2020, Debtor filed an Opposition to DSO Recipient's Motion to Dismiss [Dkt. No. 225]. In his opposition to said motion, Debtor argued that all allegations aside from DSO claims were unrelated to the motion and that DSO Recipient lacked standing to seek dismissal of the case because her claim was disallowed by this court [Dkts. No. 129, 130 & 225]. In fact, this Court found that Recipient had no standing in the instant bankruptcy proceeding to pursue any legal remedies because her proof of claim had been disallowed [Dkt. No. 130]. Consequently, Debtor argues that all allegations unrelated to DSO should be stricken from the record based on lack of standing and lack of admissible evidentiary support [Dkt. No. 225]. He also argues that DSO Recipient's exhibits must be stricken as faulty or that she must be compelled to submit a certified translation of documents and exhibits in support of her motion pursuant to Federal Local Rule 5(g) and Local Bankruptcy Rule 9070-1(c) which require a full English translation by a certified translator [Dkt. No. 225]. Ultimately, Debtor concludes in his opposition that he is current with DSO payments, that attorney fees are not DSO pursuant to Section 101(14A) of the Bankruptcy Code and that the Motion to Dismiss the bankruptcy proceeding should be denied outright [Dkt. No. 225].

On June 12, 2020, DSO Recipient filed her Reply to Opposition to the Motion to Dismiss [Dkt. No. 226]. In her reply, DSO Recipient argues that she does have standing to appear before this Court as she does have a DSO claim against Debtor [Dkt. No. 226]. Attached to her Reply,

is a certificate issued by ASUME on June 11, 2020, which reflected $914.57 in DSO arrears on the part of the debtor [Dkt. No. 226]. Said arrears do not include the $4,550.00 in attorney fees owed to DSO Recipient [Dkt. No. 226]. Furthermore, she argues that since Debtor admitted to owing the $4,550.00 in attorney fees, there is no need to supply a certified translation of the judgment entered by the State Court pertaining to DSO [Dkt. No. 226]. Ultimately, DSO Recipient avers that, there being no dispute as to the fact that Debtor owes $4,550.00 in attorney fees and considering that he had accrued an additional $914.57 in post-petition DSO payments, the instant case must be dismissed [Dkt. No. 226].

## II. Legal Analysis and Discussion

Section 507(a)(1)(A) of the Bankruptcy Code elevates to first priority any "[a]llowed unsecured claims for domestic support obligations that, as of the date of the filing of the petition in a case under this title, are owed to or recoverable by a spouse, former spouse, or child of the debtor, or such child's parent, legal guardian, or responsible relative…" The Term "domestic support obligation" is defined in §101(14A) of the Bankruptcy Code as:

> [A] debt that accrues before, on or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable non bankruptcy law notwithstanding any other provision of this title that is –
>
> (A) owed to or recoverable by –
>
> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>
> (B) in the nature of alimony, maintenance, or **support** (our emphasis provided) … of such spouse, former spouse, or child of the debtor

or such child's parent, without regard to whether such debt is expressly so designated;

(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of –

(i) a separation agreement, divorce decree, or property settlement agreement;

(ii) an order of a court of record;…

On the other hand, the term "support" according to the Puerto Rico Civil Code is "understood to be all that is indispensable for maintenance…according to the social position of the family…of the person supported when he is a minor." 31 L.P.R.A. § 561. This Court has found that, through interpretation of Article 1325 of the Puerto Rico Civil Code, 31 L.P.R.A. § 3700, "a former spouse through death or divorce is entitled to receive from her husband a payment for food and court costs as determined by the final judgment set forth in her participation in the asset liquidation suit with her ex-spouse. In re Efron, 495 B.R. 166 (2013). Article 22 (1) of Act. 5 of December 30, 1986, 8 L.P.R.A. § 521 states that "[i]n any proceeding under this law for the fixation, modification or to make effective domestic support obligation, the court, or the Administrative Judge must impose on the feeder the payment of attorney fees in favor of the recipient when he/she has prevailed". (our translation provided). The Supreme Court of Puerto Rico has long established that support coves a minor's attorney's fees in child support claims. Torres Rodríguez v. Carrasquillo Nieves, 177 D.P.R. 728 (2009); Chévere v. Levis, 152 D.P.R. 492 (2000); Viera v. Morell, 115 D.P.R. 4, 14 (1983); Conesa v. District Court, 72 D.P.R. 65 (1951); Valdés v. District Court, 67 D.P.R. 288 (1947). A similar determination was made by the

Bankruptcy Court of Massachusetts in In re Johnson, 445 B.R. 50 (2011) where the court found that the attorney fees incurred by debtor's former spouse in protecting her child support award were non-dischargeable as a DSO.

The reasoning behind the awarding of attorney fees following a DSO claim rests on the very real possibility that the recipient or their guardian may be deprived of the economic resources required to vindicate their right and, in some cases, this vindication may compromise the very funds awarded to them in terms of support in order to attend the payment of attorney's services. Torres Rodríguez v. Carrasquillo Nieves, supra; Rodríguez Avilés v. Rodríguez Beruff, 117 D.P.R. 616, 621 (1986); Milán Rodríguez v. Muñoz, 110 D.P.R. 610, 612-614 (1981). Canon 24 of Puerto Rico's Code of Professional Ethics, 4 L.P.R.A. states that "[t]the attorney fees awarded by a court are in the benefit of the client and the attorney must not claim said fees in their favor or renounce them without the express authorization of their client." The client has the right to claim and receive a reasonable award of attorney fees, especially if said fees are meant to satisfy the costs they incurred in terms of legal representation and if these fees are in the concept of a DSO, they must be paid immediately. Torres Rodríguez v. Carrasquillo Nieves, supra.

The Bankruptcy Code provides that the court shall confirm a plan if "the debtor has paid all amounts that are required to be paid under a domestic support obligation and that first becomes payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligation." 11 U.S.C. §1325(a)(8). Furthermore, the court may convert a chapter 13 case to a chapter 7 case or dismiss a chapter 13 case for cause when there has been "failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition." 11 U.S.C. 1307(c)(11).

In the instant case, there is no controversy as to the fact that Debtor owes DSO Recipient $4,550.00 in attorney fees imposed by the State Court. In fact, Debtor has expressly accepted that these fees have not been paid. Upon careful examination of the aforementioned jurisprudence and legislation, both in Bankruptcy and at the State Court level, we agree with DSO Recipient's argument that these attorney fees are included in the DSO claim. In addition to said attorney fees, Debtor has further accrued arrears in concept of the monthly payment plan imposed onto him, totaling $914.57. In light of Debtor's failure to pay these domestic support obligations, we find cause to dismiss the instant bankruptcy proceeding.[3]

WHEREFORE, DSO Recipient's *Motion Requesting Dismissal for Failure to Make Post-Petition DSO Payments* shall be and is hereby, GRANTED.

SO ORDERED

In San Juan, Puerto Rico this 27th day of July 2020.

Brian K. Tester
United States Bankruptcy Judge

---

[3] Because this Court finds dismissal appropriate based upon the failure to pay DSO obligations, it is unnecessary to discuss the other three grounds argued by the DSO Recipient in her motion.