UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | Case No. 18-05191-BKT13 |
| PEDRO J NEVAREZ BRUNO | Chapter 13 |
| Debtor | |

## MOTION FOR RECONSIDERATION OF ORDER DISMISSING CASE

TO THE HONORABLE COURT:

COMES NOW Debtor, represented by the undersigned counsel, and hereby requests this Honorable Court to reconsider, vacate and set aside the Order Dismissing Case.

1. On September 7, 2018, Debtor filed a voluntary petition for relief pursuant to 11 USC Chapter 13 (Dkt. No. 1).

2. On May 12, 2020, Movant filed a third motion to dismiss, this time, grounded on Debtor's alleged failure to make post-petition DSO Payments (the "Motion to Dismiss") (Dkt. No. 222). In support of the allegations of the Motion to Dismiss, Movant asserted that Debtor failed to pay pre and postpetition DSO payments as per state court order. Movant's sole basis for the alleged missed postpetition DSO payments was a $4,550.00 payment imposed by the State Court to satisfy Movant's attorney fees, which in contesting the motion to dismiss, Debtor claimed said payments were not DSO.

3. However, on July 27, 2020, this Honorable Court entered an Opinion & Order concluding that the attorney fees imposed by State Court were to be considered DSO and dismissed the case outright (Dkt No. 232).

4. Immediately upon the entering of the Opinion & Order, on July 27, 2020, Debtor issued payment to Movant to cover the state court attorney fees. See ASUME Certificate as **Exhibit 1**.

5. As evidenced by the case docket, Debtor's actions and case handling has not been afoul of the bankruptcy case proceedings. Debtor has been actively engaged with the process and has been responsive to the Creditors, Trustee & US Trustee's arguments and positions. The fact that the Debtor was not in agreement with and had contested the Movant's position should not be tantamount to dismissal, but rather Debtor sought consideration and resolution of the controversy form this Honorable Court.

6. It is the Debtor's position that the Order Dismissing the Case was wrongfully entered, as the Debtor should had been afforded an opportunity to rectify and pay the amounts owed once the Court rendered its Opinion & Order.

7. The contested matter pertaining the attorney fees characterization as DSO had been briefed and awaited adjudication from this Honorable Court. As such, resolution of the contested matter should have been the way to resolve the controversy, rather that dismissal.

8. Notwithstanding, as of July 27, 2020, Debtor paid the amounts in controversy, i.e., the attorney fees imposed by State Court, rendering the controversy moot. See ASUME Certificate as **Exhibit 1**

9. Throughout the case Debtor has also been compliant with payments under the confirmed Chapter 13 Payment Plan and stipulations with creditors and, to date, is current with the confirmed Chapter 13 Payment Plan. Furthermore, Debtor's plan proposes to pay 100% plus interest to all allowed claims. In light of the foregoing, Debtor respectfully requests that this Honorable Court reconsider, vacate and set aside the dismissal order.

**Reconsideration Standard**

10. In the instant case, relief is requested under Rule 59, made applicable to these proceedings under Federal Bankruptcy Rule 9023, based on manifest errors of law and manifest

injustice. In conformity with Rule 59 of the Federal Rule of Civil Procedure, a party seeking reconsideration "must either clearly establish a manifest error of law or must present newly discovered evidence." Marie v. Allied Home Mortgage Corp., 402 F. 3rd 1, 7 n. 2 (1st Cir. 2005) (quoting Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n. 2 (1st Cir. 2004)). In Marie, the First Circuit cited a leading treatise, noting four grounds for granting a motion for reconsideration under Federal Rules of Civil Procedure 59 (e), to wit: "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law." Marie, 402 F.3rd at 7 n. 2 (citing 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)).

11. In this case, Debtor has had endless litigation with movant in State Court. As part of the State Court proceeding it was determined that Debtor would pay retroactive DSO, albeit, in a future, post petition and post confirmation payment plan. State Court also imposed attorney fees to be paid to the DSO recipient. Debtor was under the impression that the attorney fees imposed were to be paid prospectively, and even requested to be allowed a payment plan to satisfy the attorney fees.

12. The State Court determination was stayed until July 15, 2020, by virtue of the administrative orders staying all State Court proceedings.

13. As such, on July 14, 2020, Debtor requested that the attorney fees in question were allowed to be paid under a payment plan or, in the alternative, that Debtor be allowed 90 days to make such payment. See **Exhibit 2**. Upon information or belief, Debtor's motion was still pending adjudication from State Court at the time that the Opinion and Order was entered. Moreover, this information was previously unavailable to this Honorable Court, and could have

3

rendered a different determination from this Court had it known that the matter was being considered by the State Court.

14. In any event, as of July 27, 2020, Debtor has satisfied the full payment in controversy. This Honorable Court should reconsider, vacate and set aside the Dismissal Order to avoid manifest injustice, undue prejudice and harm to a Debtor that has been fully compliant with the Bankruptcy Court's orders and procedures.

15. It would be a manifest injustice to dismiss the case due to Debtor's failure to pay the counterpart's attorney fees, while Debtor sought authorization to State Court to pay said attorney fees through a payment plan or be given a period of time to fulfill the same.

16. Debtor has complied with all of his duties as a debtor in possession under Chapter 13 of the Bankruptcy Code since the filing of his bankruptcy case.

17. Debtor has been making an honest effort to rehabilitate and repay his creditors to the best of his ability. In fact, as of today, Debtor is current with any and all the payments under the confirmed plan.

18. Creditors would not be affected by the reconsideration of the Order Dismissing the Case as Debtor's confirmed payment plan is well underway and Debtor is paying 100%, plus interest, of all of the allowed claims.

19. The rights of payment which Movant sought to protect, i.e., payment of the State Court attorney fees, have already been satisfied. As such, there is no detriment to Movant or her various counsel either.

20. Contrariwise, reconsideration of the Order Dismissing the Case is in the best interest of creditors and the estate. The dismissal of the instant case would be a windfall for Debtor's largest creditors, who will reap Debtor's assets with state court litigation and judgments

if Debtor is not allowed to continue reorganization. Whereas, allowing Debtor to continue in bankruptcy would allow for an orderly distribution to all creditors, not just Debtor's largest creditors.

21. Upon the above stated, there is sufficient grounds for this Honorable Court to reconsider its Opinion & Order dismissing the case. Consequently, Debtor requests that this Honorable Court reconsiders, vacates and sets aside the Opinion & Order in order to allow Debtor to continue with his reorganization process, and finalize his confirmed plan.

**WHEREFORE**, Debtor prays for this Honorable Court to reconsider, vacate and set aside the Opinion & Order dismissing the case, in the best interest of justice, in order to allow Debtor to continue with their reorganization process, with any other relief that the Court may deem proper.

**NOTICE TO CREDITORS AND PARTIES IN INTEREST**

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (I) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE**: I hereby certify that on this same date the foregoing motion was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 10th day of August, 2020.

**MRO Attorneys at Law LLC**
*Attorneys for Debtor*
PO Box 367819
San Juan, PR 00936-7819
Tel. 787-404-2204
Email: mro@prbankruptcy.com
Web: www.prbankruptcy.com

*s/ Myrna L. Ruiz-Olmo*
USDC-PR No. 223209