# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE: PEDRO JAVIER NEVAREZ BRUNO**<br><br>XXX-XX-2002<br><br>**DEBTOR** | **CASE NO.: 18-05191-BKT**<br><br>**CHAPTER 13** |

### OPPOSITION TO DEBTOR'S MOTION FOR RECONSIDERATION

**TO THE HONORABLE COURT:**

**COMES NOW,** DSO RECIPIENT DR. JORANNIE CRUZ NIEVES (hereinafter, "Dr. Cruz"), by and through the undersigned attorney and very respectfully state and pray as follows:

**I. Procedural Background**

1. On May 12, 2020 Dr. Cruz filed a motion to dismiss the instant case, with prejudice, and with a one-year bar to refile, due to the fact that the Debtor filed the instant case in bad faith, he committed perjury during the proceedings and he incurred in post-petition arrears with respect to his DSO obligations. (**Docket No. 222**).

2. On June 11, 2020 the Debtor filed its opposition to Dr. Cruz's MTD (**Docket No. 225**).

3. On July 27, 2020 this Honorable Court entered an Opinion and Order granting Dr. Cruz's MTD (**Docket No. 232**).

4. On August 10, 2020 the Debtor filed a Motion for Reconsideration of the Opinion and Order entered by this Honorable Court (**Docket No. 234**).

1

5. For the following reasons Dr. Cruz opposes to Debtor's Motion for Reconsideration.

6. The Debtor has failed to meet the standard of review for motions for reconsideration of an <u>order dismissing a case</u>, filed pursuant to Fed. R. Civ. P. 59. The standard for said motion is of a "clear error or conclusions of law". <u>In re Colón Martinez</u>, 472 B.R. at 143 (citing <u>Gilroy v. Ameriquest Mortg. Co.</u> (In re Gilroy), BAP No. NH 07-054, 2008 WL 4531982, at *4 (B.A.P. 1st Cir. Aug. 1, 2008) (citations omitted)). The bankruptcy court, however, has "broad discretion to determine whether either conversion or dismissal is in the best interests of creditors and the estate after finding cause." In re Gilroy, 2008 WL 4531982, at *4. Accordingly, the decision of the bankruptcy court on which relief to elect is reviewed for an abuse of discretion. "**A court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact**." <u>Cabral v. Shamban</u> (In re Cabral), 285 B.R. 563, 570 (B.A.P. 1st Cir. 2002) (citation omitted). (Added Emphasis).

7. In the instant case this Honorable Court <u>did not erred</u> in applying the correct law, nor did it err in its finding of material facts. It correctly applied the law and based its decision on uncontested facts, supported by the record.

8. Debtor's motion for reconsideration does not address any issued as to this Honorable Court having based its decision on an incorrect application of the law, nor that it relied its decision on erroneous finding of material facts.

9. Debtor's sole contention is that he did pay Dr. Cruz after his case was dismissed. That contention, at its best, might suffice for a motion to reconsider the

2

dismissal of a Chapter 13 for failure to make payments to the plan, but not for a case dismissed, with prejudice, for cause.

10. There should be no doubt of the fact that the Debtor had no intentions whatsoever to pay the post-petition DSO arrears. The Debtor simply waited to see how far can he "stretch the envelope". He had the money to pay, he simply did not want to pay it. A brief perusal of the Debtor's Scheduled and Statement of Financial Affairs reveal that he was current with respect to all of his debts, that he had very little outstanding debt and that he had to enter into an agreement with the Office of the U.S. Trustee due to multiple incidents of misconduct in the instant case. See, Stipulation filed at Docket No. 189.

11. In the instant case, there are no <u>unusual circumstances</u> that warrant that this Honorable Court reconsider its Opinion and Order. **Specially, when the Debtor continues to accrue post-petition arrears with respect to his court ordered DSO payments**.

12. As per the Order entered by Hon. Judge Katherine Hoffman Egozcue on February 3, 2020, the Debtor was ordered to Pay Dr. Cruz the monthly sum of **$1,829.14**, to be paid thru ASUME on or before the fifth (5$_{th}$) day of each month. See, Exhibit A.

13. As of today, the Debtor has failed to make the payment related to the month of August 2020, which were <u>due in full by August 5, 2020</u>. The payment made on August 5, 2020 correspond to the missing half of the payment for the month of July 2020. See, Exhibit B.

14. Since that Order was entered the Debtor has never complied with it. He, unilaterally makes the deposits when he wants, and in the amount he wants. <u>See</u>, Exhibit B.

15. Debtor's continues to be in contempt with the State Court Order. His continuous contempt prompted Dr. Cruz to request yet another hearing in the DSO case which is scheduled for October 27, 2020.

16. The Debtor is not free to violate the Order issued the State Court. The Supreme Court's admonitions on non-compliance with court orders aptly applies here: "We begin with the basic proposition that all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal. Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect. The orderly and expeditious administration of justice by the courts requires that 'an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings." <u>Maness v. Meyers</u>, 419 U.S. 449 (1975).

17. In the instant case this Honorable Court found cause for dismissal, with prejudice, due to Debtor's post-petition arrears with respect to his DSO payments. On the other hand, the Debtor have failed to demonstrate any reasonable justification to excuse the acts constituting cause.

18. The Debtor simply attached a motion in the Spanish language requesting an extension of time to pay the $4,550.00. Besides the fact that said motion was filed

4

in the Spanish language, and no leave to file a certified translation in the English Language, pursuant to LBR-9070-1(c), the same is **MISSLEADING**. Said motion was DENIED by the State Court on **July 16, 2020**. Prior to filing of his motion for reconsideration on August 10, 2020, the Debtor was well aware of the fact that the motion filed in State Court was DENIED. See, Exhibit C.

19. Having the Debtor failed to demonstrate, under the appropriate standard of review, that the Opinion and Order entered by this Honorable Court on July 27, 2020 at Docket No. 232 was based on an erroneous application of the law or that it was based on erroneous finding of material facts; the fact that he continues to accrue post-petition arrears with respect to his court ordered DSO payments; and Debtor's history of misconduct and lack of a true bankruptcy purpose, his motion for reconsideration should be denied.

**WHEREFORE**, Dr. Jorannie Cruz Nieves respectfully request from this Honorable Court to DENY Debtor's Motion for Reconsideration of the Opinion and Order dismissing the instant case, with prejudice, and with a one-year bar to refile.

**I HEREBY CERTIFY** that the foregoing document was filed with the Clerk of the Court using the CM/ECF System which will send a notification of such filing to debtor's attorney and to the United States Trustee and to all other parties on record.

**I DO HEREBY FURTHER CERTIFY** that on this same date a true and exact copy of the foregoing document was sent by regular United States mail to: **Non CM/ECF** participants at their address of record, as per the attached Address List.

In San Juan, Puerto Rico this 12st day of August 2020.

/S/Héctor Eduardo Pedrosa Luna
_____

Héctor Eduardo Pedrosa-Luna, Esq.
USDC-PR No. 223202
P.O. Box 9023963
San Juan, PR 00902-3963
Tel. 787-920-7983
Fax 787-754-1109
hectorpedrosa@gmail.com

6