UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| In re: | Case No. 18-05191-BKT13 |
|---|---|
| PEDRO J NEVAREZ BRUNO | Chapter 13 |
| Debtor | |

**REPLY TO CREDITOR'S OPPOSITION TO DEBTOR'S MOTION FOR RECONSIDERATION OF THE DISMISSAL ORDER**

TO THE HONORABLE COURT:

COMES NOW, Debtor, represented by the undersigned counsel and very respectfully states and prays:

1. On September 7, 2018, Debtor filed a voluntary petition for relief pursuant to 11 USC Chapter 13 (Dkt. No. 1).

2. On May 12, 2020, Movant filed a third motion to dismiss, this time, grounded on Debtor's alleged failure to make post-petition DSO Payments (the "Motion to Dismiss") (Dkt. No. 222). In support of the allegations of the Motion to Dismiss, Movant asserted that Debtor failed to pay pre and postpetition DSO payments as per state court order. Movant's sole basis for the alleged missed postpetition DSO payments was a $4,550.00 payment imposed by the State Court to satisfy Movant's attorney fees, which in contesting the motion to dismiss, Debtor claimed said payments were not DSO.

3. However, on July 27, 2020, this Honorable Court entered an Opinion & Order concluding that the attorney fees imposed by State Court were to be considered DSO and dismissed the case outright (Dkt No. 232).

4. It is uncontested that immediately upon the entering of the Opinion & Order, on July 27, 2020, Debtor issued payment to Movant to cover the state court attorney fees, rendering

the controversy moot.

5. Soon thereafter, on August 10, 2020, Debtor filed a Motion for Reconsideration of the Dismissal Order asserting, in sum, that:

a. Debtor's actions and case handling has not been afoul of the bankruptcy case proceedings.
b. Debtor has been actively engaged with the process and has been responsive to the Creditors, Trustee & US Trustee's arguments and positions.
c. The fact <u>that the Debtor was not in agreement with and had contested the Movant's position should not be tantamount to dismissal</u>, but rather Debtor sought from this Honorable Court consideration and resolution of the contested matter.
d. The Order Dismissing the Case was wrongfully entered, as the Debtor should had been afforded an opportunity to rectify and pay the amounts owed once the Court rendered its Opinion & Order.
e. <u>As of July 27, 2020, Debtor paid the amounts in controversy, i.e., the attorney fees imposed by State Court, rendering the controversy moot</u>. The rights of payment which Movant sought to protect, i.e., payment of the State Court attorney fees, have already been satisfied. As such, there is no detriment to Movant or her various counsel to reconsider, vacate and set aside the Dismissal Order.
f. Throughout the case Debtor has also been compliant with payments under the confirmed Chapter 13 Payment Plan and stipulations with creditors. Dismissal would be a manifest injustice, undue prejudice and harm to a Debtor that has been fully compliant with the Bankruptcy Court's orders and procedures.
g. Relief was requested under Rule 59, made applicable to these proceedings under Federal Bankruptcy Rule 9023, based on manifest errors of law and manifest injustice, inasmuch as Debtor was under the impression that the attorney fees imposed were to be paid prospectively, and even filed a request before the State Court to allowed Debtor a payment plan to satisfy the attorney fees imposed, or, in the alternative, that Debtor be allowed 90 days to make such payment.

6. On August 12, 2020, DSO Claimant filed her opposition to Debtor's plea for reconsideration, raising new matters that must be addressed by Debtor, as follows:

    a. That Debtor has failed to meet the standard of review for motions for reconsideration of an order dismissing a case, filed pursuant to Fed. R. Civ. P. 59. The standard for said motion is of a "clear error or conclusions of law". See Dkt No. 235, p. 2., ¶ 6 citing In re Colón Martinez, 472 B.R. at 143 (citing Gilroy v. Ameriquest Mortg. Co. (In re Gilroy), BAP No. NH 07-054, 2008 WL 4531982, at *4 (B.A.P. 1st Cir. Aug. 1, 2008).

### Debtor's response:

Rule 9023 makes Fed. R. Civ. P. 59 applicable in bankruptcy cases. A motion to alter or amend an order or judgment shall be filed no later than 14 days after entry of the order or judgment. Confirming the broad authority of courts to vacate judgments when deemed appropriate and just, the Supreme Court has held that the Rule does not particularize the factors that justify relief, but has noted that it provides courts with authority adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice, albeit in extraordinary circumstances. Liljeberg v. Health Serv. Acquisition Corp., 486 U.S. 847, 863 (1988). Rule 59(e), incorporated by Bankruptcy Rule 9023, allows a party to seek reconsideration where: (1) there has been an intervening change in the controlling law; (2) new evidence has become available; or (3) there is a need to prevent manifest injustice or to correct a clear error of fact or law. Fed. R. Civ. P. 59(e); Fed. R. Bankr. P. 9023; In re Conex Holdings, LLC, 524 B.R. 55, 58 (Bankr. D. Del. 2015).

Accordingly, the reconsideration relief is not limited, as Creditor implies, to clear error or conclusions of law.

DSO Creditor cites the case of In re Martinez, in support of her allegations. Nevertheless, the Court in In re Martinez faced dissimilar facts when considering a motion to dismiss under Section 1112(b). Furthermore, the Court listed several reasons that warranted dismissal of the case under Section 1112(b), none of which apply here. Noteworthy is the fact that the Court in In re Martinez did not consider or even address the reconsideration standard under Rule 59.

Debtor also cites the case of In re Gilroy, which also discussed the standard of Section 1112(b), not applicable to the case at hand. Noteworthy is the fact that the Court on In re Gilroy also did not consider or even address the reconsideration standard under Rule 59.

For the foregoing reasons, the Objection to Reconsideration should be denied.

b. That the Bankruptcy Court has broad discretion to determine whether either conversion or dismissal is in the best interests of creditors and the estate after finding cause, and that the decision of the bankruptcy court on which relief to elect is reviewed for an abuse of discretion. See Dkt No. 235, p. 2., ¶ 6 citing In re Gilroy, 2008 WL 4531982 and Cabral v. Shamban (In re Cabral), 285 B.R. 563, 570 (B.A.P. 1st Cir. 2002).

**Debtor's response:**

DSO Creditor relies on legal arguments unrelated to Debtor's request for reconsideration. Debtor cites the case of In re Gilroy, which also discussed the standard of Section 1112(b), not applicable to the case at hand. Noteworthy is the fact that the Court on In re Gilroy also did not consider or even address the reconsideration standard under Rule 59. Similarly, DSO Creditor cites the case of In re Cabral where the Court considered whether there was sufficient "cause" to warrant reconversion of the Chapter 13 case to one under Chapter 7, for cause. The Court in In re Cabral discussed a non-exclusive list of reasons including: (i) unreasonable delay by the debtor that is prejudicial to the creditors, 11 U.S.C. § 1307(c)(1); (ii) failure to commence making timely payments under § 1326, 11 U.S.C. § 1307(c)(4); and (iii) denial of confirmation of a plan under § 1325, 11 U.S.C. § 1307(c)(5). None of these factors were considered or even discussed by this Honorable Court in its Dismissal Order. Noteworthy is also the fact that the Court in In re Cabral did not consider or even address the reconsideration standard under Rule 59, as Movant asserted.

For the foregoing reasons, the Objection to Reconsideration should be denied.

c. That Debtor's motion for reconsideration does not address any issued as to this Honorable Court having based its decision on an incorrect application of the law, nor that it relied its decision on erroneous finding of material facts.

4

**Debtor's response:**

DSO Creditor is mistaken in this allegation. Debtor asserted in its Motion for Reconsideration that this Honorable Court could have and should have allowed for a cure period, be it by order to show cause or otherwise, in order to allow Debtor to make the payment in controversy, once the controversy was resolved by the Court through the Opinion and Order. That is, because of the fact that the Debtor was not in agreement with and had contested the Movant's position should not be tantamount to dismissal. Debtor rather sought consideration and resolution of the controversy form this Honorable Court. Debtor's position is that the Order Dismissing the Case was wrongfully entered, as the Debtor should have been afforded an opportunity to rectify and pay the amounts owed once the Court rendered its Opinion & Order. Resolution of the contested matter should have been the way to resolve the controversy, rather that dismissal.

Furthermore, Debtor asserted that the Dismissal Order should be reconsidered based on manifest errors of law as the State Court determination was stayed until July 15, 2020, by virtue of the administrative orders as a result of the novel COVID-19 pandemic crisis staying all State Court proceedings. As a result, the Dismissal Order was entered while the State Court determinations and Debtor's reconsideration or request for extension to comply was not yet final.

Debtor also asserted that the Dismissal Order should be reconsidered based on and manifest injustice as throughout the case Debtor has also been compliant with payments under the confirmed Chapter 13 Payment Plan, with stipulations with creditors, and Debtor's plan proposes to pay 100% plus interest to all allowed claims. In addition, DSO is not dischargeable in bankruptcy, as such, upon the rendering of the Dismissal Order, DSO Claimant was protected with a nondischargeable debt with priority status over other creditors. In light of the foregoing, the Objection to Reconsideration should be denied.

d.  That Debtor's sole contention is that he paid Dr. Cruz after his case was dismissed. That contention, at its best, might suffice for a motion to reconsider the dismissal of a Chapter 13 for failure to make payments to the plan, but not for dismissal, with prejudice, for cause.

### Debtor's response:

DSO Creditor's allegation lacks legal basis or supporting grounds, and as such should be outright denied. There mere fact that the Debtor paid the amount in controversy on the same day that the Opinion and Order was entered evidences the fact that an order establishing the DSO status of the payment and affording Debtor an opportunity to comply with its obligations under the Code would have sufficed. After all, goal of chapter 13 bankruptcy is to ensure a debtor's reorganization enabling individuals with regular income to develop a plan to repay all or part of their debts, while debtor complies with the duties and obligations under the Bankruptcy Code. In this case the Debtor has been compliant with its duties and obligations under the Bankruptcy Code. For this reason also, the Objection to Reconsideration should be denied.

e.  That there should be no doubt that the Debtor had no intentions whatsoever to pay the post-petition DSO arrears. The Debtor simply waited to see how far can he "stretch the envelope".

### Debtor's response:

DSO Creditor's allegation lacks legal basis or support, is speculative and as such should be outright denied.

f.  That Debtor had failed to make the payment related to the month of August 2020, which was due by August 5, 2020, whereas the payment made on August 5, 2020 corresponds to the missing half of the payment for the month of July 2020, and that unilaterally makes the deposits when he wants, and in the amount he wants.

### Debtor's response:

DSO Creditor's allegation is unwarranted and unsupported. As of today, Debtor is compliant with <u>all</u> of its DSO payments. <u>See</u> statement attached as Exhibit A.

6

Furthermore, pursuant to the State Court Order tendered as evidence by DSO Claimant, Debtor was afforded with several options and forms of payments, including:

> "Frequency of child support payments:
> a. **Monthly**: paid within the first five days of each month.
> b. **Twice a month**: the first fortnight is paid within the first five days of each month and the second fortnight, within days 15 to 20 of each month.
> c. **Biweekly**: paid each time he gets paid beginning with the first of month payment. Sometimes there will be three monthly payments.
> d. **Weekl**y: it is paid every week; the party who pays must inform the day payment will be made.
> e. If the child pension is paid by order of income withholding at the origin, the same will be made according to the payment and accounting system of the withholding company.
>
> See Dkt No. 235, Exhibit 1, fn. 1 (Emphasis ours).

The allegations that Debtor "unilaterally makes the deposits when he wants, and in the amount he wants" are plain wrong. Creditor's own exhibits demonstrate the flexibility allowed by State Court and how misguided and misconstrued the allegations in the Objection to Reconsideration are, and as such should be denied.

g. That the Debtor's continues to be in contempt with the State Court Order, which prompted Dr. Cruz to request yet another hearing in the DSO case which is scheduled for October 27, 2020.

### Debtor's response:

DSO Creditor's allegation lacks legal basis or support, is speculative and as such should be outright denied. Debtor is current with all of its DSO payments, including the attorney fees imposed by State Court. See statement attached as Exhibit A. As such, the matters before this Court, and before the State Court are moot. Moreover, the ex-spouses controversies are not properly before this Court, and should be resolved in State Court.

h. In the instant case this Honorable Court found cause for dismissal, with prejudice, due to Debtor's post-petition arrears with respect to his DSO payments. On the other hand, the Debtor failed to demonstrate any reasonable justification to excuse the acts constituting cause.

### Debtor's response:

7

DSO Creditor mischaracterizes and misconstrues the Dismissal Order where no consideration, discussion, analysis or determination was rendered with regards to the adequacy of "prejudice" in the dismissal. Dismissal with prejudice is not assumed nor warranted here. It was not properly addressed by Creditor nor awarded in the Dismissal Order. It follows that this Honorable Court <u>did not dismiss the case with prejudice</u>, and *arguendo*, if it did, it is yet an additional ground warranting reconsideration.

i. That State Court denied Debtor's request for extension of time to pay the postpetition attorney fees imposed by way of an Order dated July 16, 2020.

**Debtor's response:**

The State Court Order attached by Creditor lacks evidence of the date in which said order was notified to parties in interest. Notice to the undersigned is not reflected in the Order. Even taking into account the date of the issuance of the Order (which in State Court can be different from the date of the notice), the Order shows that the State Court determinations and Debtor's request for extension of time to pay attorney fees was not yet final at the time of this Honorable Court's entry of the Dismissal Order.

In light of the foregoing, the Objection to Reconsideration should be denied.

j. That Debtor continues to accrue postpetition arrears with respect to his court ordered DSO payments.

**Debtor's response:**

DSO Creditor has provided no concrete evidence in support of the alleged postpetition arrears, and as such the Objection to Reconsideration should be denied.

7. In sum, Debtor has been a diligent and compliant, fulfilling all of his duties and obligations under the Bankruptcy Code. Debtor also paid the amounts in controversy, i.e., the attorney fees imposed by State Court, on the same date that the Opinion and Order finding that the

8

payment in controversy qualified as DSO was entered, rendering the controversy moot. Debtor and movant have had endless litigation in State Court, where most of these controversies should remain. Debtor's legal position in this contested matter should not be tantamount to dismissal, Contrariwise, Debtor should have been afforded an opportunity to comply with the DSO payment once such denomination was concluded by this Honorable Court. The Bankruptcy Court erred dismissing the case without affording the opportunity for Debtor to cure any alleged postpetition payments. The instant dismissal is a manifest injustice causing undue prejudice and harm to the Debtor.

**WHEREFORE**, for the reasons set forth herein, Debtor respectfully requests that this Honorable Court enters an order granting the instant reply to the objection to reconsideration, as well as Debtor's reconsideration of the Dismissal Order, while vacating and setting aside the Dismissal Order, with any further relief the court deems proper.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all participants of CM/ECF, including the Office of the United States Trustee.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 25th day of August 2020.

**MRO Attorneys at Law, LLC**
*Attorneys for Debtor*
PO Box 367819
San Juan, PR 00936-7819
Tel. 787-404-2204
Email: mro@prbankruptcy.com
Web: www.prbankruptcy.com


*s/ Myrna L. Ruiz-Olmo*
USDC-PR No. 223209